### CARLSTON *v.* RYAN.

RELEASE—ESTABLISHMENT—EVIDENCE—QUESTION FOR JURY.
   In an action for a personal injury, the defense being a release, evidence examined, and *held*, to make a case for the jury, the writings actually executed not being conformable to the claim of either party with reference to the compensation of releasor's attorney.

Error to Saginaw; Gage (Chauncey H.), J. Submitted January 7, 1908. (Docket No. 5.) Decided January 31, 1908.

Case by August Carlston against Glenn Ryan and the Norris Auto Company for personal injuries. There was judgment for plaintiff, and defendants bring error. Affirmed.

*Keena, Lightner & Oxtoby*, for appellants.

*Julius B. Kirby*, for appellee.

OSTRANDER, J.   This suit was instituted to recover damages for injuries sustained by plaintiff, who was run down by an automobile.   With the plea, defendants gave notice that they would prove that plaintiff had been satisfied and had released defendants from all liability.   The single point presented in this court arises upon the contention of defendants that such satisfaction and release were conclusively established.   At the hearing, counsel for appellee was stopped by the court.   A further examination of the record and the briefs has confirmed the opinion that there was testimony which required the trial court to submit the question to the jury.   It is not necessary to set out this testimony.   Opposed conclusions may be supported by it, depending upon its acceptance or rejection as representing the real facts.   And opposed conclusions are warranted, as matter of law, with respect both to the mutual understanding of the terms of the attempted settlement and the fairness of means employed to bring it about.   It is the testimony of defendants' witness, who made the settlement and who represented, as an adjuster, an insurance company which had issued to defendant Norris Auto Company a liability insurance policy, that a part of the agreement was that plaintiff's attorney was to be paid, if he established a claim for services, and that a writing should be given which would protect plaintiff against any claim for services on the part of plaintiff's attorney with whom, to the knowledge of the witness, plaintiff had a contract to pay him one-half of such sum as he should receive.   The testimony on the part of plaintiff tends to prove that the understanding and agreement was that defendants should pay his attorney, and that, as part of the settlement, a writing to that effect was to be made.   The writing made, the purpose of which plaintiff says he did not understand, corresponds with neither version of the terms of settlement. It is signed by neither the defendants nor the insurance company but by the adjuster.   It is, in terms, a mere written opinion of the person signing it that the attorney

had no claim for his services. Plaintiff had signified a willingness to accept $500, one-half of which he would, he said, give to his attorney. He was paid $200, his hospital and doctor's bills, amounting to $51.50, were paid. It is appellants' contention that the attorney was to be paid if, after a contest, he should establish a claim for services against the plaintiff. The jury were at liberty to find that the agreement was as plaintiff's testimony indicates and that he accepted the $200, which he afterwards tendered back to defendants, relying upon the fact that a writing had been made which insured the payment of his attorney.

The judgment is affirmed.

BLAIR, MONTGOMERY, HOOKER, and MOORE, JJ., concurred.